## Dasher, Appellant, v. Harrisburg.

*Sewers—Municipalities—Ordinances—Tapping sewer.*

In an action against a city to recover damages for injuries resulting from the wrongful construction and maintenance of a public sewer, no recovery can be had where the evidence shows that the plaintiff's predecessor in title had connected the premises owned by plaintiff with the sewer in violation of city ordinances which required the consent of the city authorities to be first obtained, the payment of a fee with the privilege of connecting, and that the construction shall be done under the supervision of the city engineer. In such a case the fact that the city supervisor had without authority connected with the extension built by plaintiff's predecessor in title, two or three joints of pipe, for the purpose of preventing rubbish from being carried into the sewer, does not warrant the finding that the city had adopted the extension as a part of the public sewer.

Argued March 12, 1902. Appeal, No. 29, March T., 1902, by plaintiff, from judgment of C. P. Dauphin Co.. Jan. T., 1900, No. 28, non obstante veredicto in case of Frederick K. Dasher v. City of Harrisburg. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ, Affirmed.

Trespass to recover damages to property resulting from the alleged wrongful construction and maintenance of a sewer. Before SIMONTON, J.

From the record it appeared that in 1896, J. J. Baughman erected at Seventeenth and Market streets in the city of Harrisburg, six brick dwelling houses in pairs fronting on Market street. Previously to this improvement, there was no sewer in Market street east of Seventeenth street. There was, however, a city inlet at Seventeenth and Market streets and from this inlet a public sewer had been previously extended up Seventeenth street forty or fifty feet north of Market street, but not far enough to enable Baughman to sewer into it. Baughman, at his own expense, extended the sewer in Seventeenth street previously constructed, to a point opposite an alley in the rear of his houses, where he connected it with a sewer also constructed by him in said alley. A separate sewer for the drainage of each house was then carried into this alley sewer, which in turn connected with the sewer in Seventeenth street, thus draining his properties into the Market street sewer at the intersection of Market and Seventeenth street.

With the sewer thus constructed, the city connected two or three joints of pipe, so as to take in a small living stream of water, which had been theretofore carried into that part of the Seventeenth street sewer previously constructed.

About a year after the houses in question were built and after the drainage system provided therefor was completed, Baughman sold one of them to the plaintiff and it is for injury to this property, resulting from the negligence of the defendant, that this suit was brought.

Upon the trial in the court below, it was shown that at every considerable rainfall, by reason of defective and negligent construction, the Market street sewer was unable to carry off the surface water, which was consequently forced back upon the plaintiff's premises, flooding his cellar with sewage and other débris and causing serious damage to his property.

Upon the trial certain ordinances of the city of Harrisburg, relative to tapping, or connecting with the public sewers, were offered in evidence under objection. These ordinances substantially provided that no person should be permitted to tap,

or use any of the public sewers for drainage purposes, without permission from the city authorities, and the payment of a tappage fee, and imposed fines and penalties for any such violation. It was shown, and indeed admitted, that Baughman, the plaintiff's grantor, had not obtained permission from the city authorities, as required by these ordinances, either to construct the sewer in Seventeenth street, or to connect it, for the drainage of his houses, with the Market street sewer, although it was claimed by the plaintiff that under the uncontradicted evidence, the city had, subsequently and prior to the injuries committed, adopted the Baughman sewer with its house connections, as part of its system of public drainage.

Verdict for plaintiff for $800, subject to points reserved. Simonton, P. J., subsequently entered judgment for defendant non obstante veredicto, filing the following opinion :

This case was submitted to the jury subject to reserved points, which raised the question whether plaintiff could recover in the face of the fact that his predecessor in title had connected the drainage of the premises in question with the public sewer in violation of city ordinances requiring the consent of the city authorities to be first obtained, the payment of a fee for the privilege of connecting, and that the construction should be done under the supervision of the city engineer.

Counsel have not found any Pennsylvania case in which this question has been answered. The precise point, however, was decided in favor of defendant in Ranlett v. City of Lowell, 126 Mass. 431, where the court said : " According to the ordinance of the city the landowner in order to connect his own private drain with the main sewer was required to obtain the written consent of the mayor and aldermen, to pay his assessment, and in the materials and construction of his drain to comply with the directions and conditions that the mayor and aldermen might prescribe. . . . As this case was presented to us there was no evidence that the former owner of the land now occupied by the plaintiff ever obtained the written consent of the mayor and aldermen, or any consent of the city or any of its officers, to enter the sewer with his private drain, nor did it appear that the defendant or any of its officers knew of its existence. So far, therefore, from having the right in the

main sewer, he was a mere trespasser to whom the defendant owed no duty whatever. As the plaintiffs derived their title from him they have no right of action for the cause alleged in their declaration."

Plaintiff's counsel argues with great ingenuity that this decision is not sound and ought not to be followed for the reason that it ignores the well-settled principle which he cites from 1 Thompson on Negligence, section 82, as follows : " The mere fact that the plaintiff on the one hand or the defendant on the other was engaged in violating the law in a given particular at the time of the happening of the accident will not bar the right of the former, nor make the latter liable to pay damage, unless such violation of the law was an efficient cause of the injury." And as it is stated in Wharton on Negligence, section 330 : " It is properly held that the mere fact that the plaintiff was at the time transgressing some law or ordinance of state or police is no defense unless such transgression was an approximate cause of the injury."

We recognize the soundness of this principle, but fail to see how it could apply to the facts of Ranlett v. Lowell, or to the facts of this case. It is properly applied where, as in the quotation from Wharton, the plaintiff " was at the time trangressing some law or ordinance of state or police," and was injured by some negligence or omission of a third party ; but it does not, in our opinion, apply where the party sought to be held for negligence or omission has, with authority so to do, enacted the law or ordinance violated, and has thereby stated the condition on which it will assume a duty towards the plaintiff in respect of which the negligence is alleged. Here the city was under no obligation to the plaintiff or his predecessor in title to construct a sewer to drain his premises. Having constructed the main sewer it had the right to prescribe the terms on which plaintiff's predecessor in title or himself could connect with it, and until these conditions were complied with it owed no duty to either of them. As it was not bound to assume a duty towards the owner of the premises it could prescribe the terms on which it would assume it, and he could not by connecting with its sewer without complying with the terms impose the duty upon it without its consent. In other words, the question is not whether plaintiff's act in connecting with defendant's sewer

in violation of the ordinance was the approximate cause of the injury to his premises, but it is whether by so connecting he could, against its will and without complying with the terms prescribed by it, impose a duty upon it.

We are clearly of the opinion that he could not, and that as it owed no duty to him he could not impose a duty upon it towards the plaintiff by conveying the property to him.

We content ourselves with thus stating without elaborating the principles on which we think this case must be decided, and in accordance therewith judgment is directed to be entered in favor of defendant non obstante veredicto on payment of the jury fee.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Robert Snodgrass*, with him *F. P. Snodgrass*, for appellant.— When the city adopted the Seventeenth street sewer for the purposes of public drainage, it assumed the same liability with respect to all its connections previously constructed, as if the ordinances referred to had been strictly and literally complied with, and if this contention be sound, then the court was in error in ruling the case upon the authority of Ranlett v. City of Lowell, even if that case was correctly decided.

The proximate cause of the plaintiff's injury was the negligent construction and maintenance of the Market street sewer and the jury so found. There was no defect or obstruction in that portion of the Seventeenth street sewer constructed by Baughman. The unlawful act of Baughman, if such it was, therefore, did not in any way contribute to the injury: Broschart v. Tuttle, 59 Conn. 1; 21 Atl. Repr. 925; Welch v. Wesson, 6 Gray, 505; Steele v. Burkhardt, 104 Mass. 59; Gregg v. Wyman, 4 Cushing, 322; Baker v. Portland, 58 Maine, 199; Johnson v. Town of Irasburgh, 47 Vt. 28; Platz v. Cohoes, 89 N. Y. 219; Mohney v. Cook, 26 Pa. 342.

The ordinances exhausted themselves in the penalties imposed and such penalties cannot be enlarged by adding to them the forfeiture of a right to indemnity, for an injury, where the violation of the ordinance was not the immediate cause of the injury.

*Daniel S. Seitz,* city solicitor, for appellee.—A municipality may make reasonable rules and regulations for the use of its sewers, fix a price at which any private person may tap them, and may enforce such rules and regulations by proper penalties: Fisher v. Harrisburg, 2 Grant, 291.

There was no municipal action whatever with respect to the work done by the supervisor, consequently there could be no adoption by the city: Philadelphia v. Dibeler, 147 Pa. 261; Philadelphia v. Hill, 166 Pa. 211; Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467.

The doctrine that courts will not afford relief to a suitor who founds his case on an illegal or criminal act is too well settled in this state to be questioned at this late day: Holt v. Green, 73 Pa. 198; Thorne v. Travelers Ins. Co., 80 Pa. 15; Johnson v. Hulings, 103 Pa. 498; Kunkle's Appeals, 107 Pa. 368; Lasher v. Stimson, 145 Pa. 30.

The facts in the case of Ranlett v. City of Lowell, 126 Mass. 431, cited by the learned court below, are identical in almost every particular with the facts in the case at bar, and the case of Breuck v. Holyoke, 167 Mass. 258; 45 W. E. Repr. 732, re-affirms the same doctrine.


PER CURIAM, April 21, 1902:

The facts of this case, as shown by the plaintiff's evidence, are clearly, and in the main correctly, stated in the plaintiff's history of the case. But it cannot be claimed, and, indeed, is not claimed, that there was evidence to warrant a finding that Baughman had authority to extend the Seventeenth street sewer; nor do we think there was sufficient evidence to warrant a finding that there was such adoption by the city of this extension as would put him in the same position as if he had complied with the city ordinances. The facts relative to this latter question are substantially as follows: Prior to this extension of the sewer by Baughman, a small living stream of water which flowed through adjacent property, flowed into that portion of the sewer previously constructed. After Baughman had extended it, the city supervisor connected with the extension two or three joints of pipe into which the stream was thereafter carried. These were laid wholly on private land, and so far as appears the action of the supervisor was not pre-

viously authorized nor afterwards ratified by the proper municipal authorities. As shown by his testimony, the purpose and effect of putting in these joints of pipe and the grate were not to bring to the city sewer water which did not flow there before Baughman made his extension, but to prevent rubbish from being carried into the sewer and blocking it up. These facts were not sufficient to prevent the application of the principle upon which the learned president of the court below based his decision. We concur in his conclusion and the reasons given therefor, that the plaintiff's injury was not caused by the negligence of the city in respect of any duty it owed him. That question is adequately and satisfactorily discussed in his opinion to which we refer as expressing our conclusions.

Judgment affrmed.