McNemry et ux. *v.* Borough of Bellevue, Appellant.

Argued April 29, 1930.

595

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Harry J. Thomas,* for appellant.—The plaintiffs, not having complied with the ordinances of the borough, can not recover: Kilcullen v. Webster, 63 Pa. Superior Ct. 309; Dasher v. Harrisburg, 20 Pa. Superior Ct. 79; Ranlett v. Lowell, 126 Mass. 431.

*William S. Doty,* and with him *Thomas A. Thornton* of *Doty and Thornton,* for appellees.—Defendant, having knowingly permitted plaintiffs to use its sewer under claim of right, without objection, could not treat them as trespassers: Brown v. Lynn, 31 Pa. 510; Kay v. Penna. R. R. Co., 65 Pa. 269; Fortunato v. Shenango Limestone Co., 278 Pa. 499; Leininger v. Goodman, 277 Pa. 75; Bethlehem v. Allentown, 275 Pa. 110; Baeder, Adamson Co. v. Tunnell & Co., 285 Pa. 356; Aspinwall-Delafield Co. v. Aspinwall Borough, 229 Pa. 1.

Opinion by Cunningham, J., July 10, 1930:

This is a suit by a householder and his wife to recover damages from the Borough of Bellevue for the

flooding of their cellar, resulting from the backing up of the contents of the sewer with which their residence was connected. From a judgment for plaintiffs defendant has appealed. Negligence on the part of the borough is conceded; the sole question involved is whether any duty was owed by it to plaintiffs.

Plaintiffs live in the Borough of Avalon, on the west side of Starr Avenue. The property line on this side of the avenue forms the boundary between the two boroughs. The street itself is entirely in Bellevue Borough. Under it lies an 8-inch sewer, with which plaintiffs' predecessor in title had connected a drain in 1912. The 8-inch sewer in turn runs into an 18-inch trunk sewer, which begins at the Bellevue Borough line south of plaintiffs' dwelling and turns off into Avalon Borough. This was the result of an arrangement made between the two boroughs in 1898, at which time the Borough of Bellevue sought and obtained permission to construct the 18-inch sewer down a ravine lying wholly within the Borough of Avalon. In consideration of the permission to construct this 18-inch sewer, it was agreed that "the Borough of Avalon shall have a right to grant permission to property owners, not to exceed twenty-five, to connect with and use the said sewer." It was also provided "that the location and size of the connections to be made with the sewer be determined by the engineers of the Borough of Avalon and the Borough of Bellevue."

Two ordinances of Bellevue Borough are pertinent to the question. Ordinance No. 35 sets forth specifications for sewer connections and requires that the work be done to the satisfaction of the borough council and that a plan be filed with the council showing the whole drainage system from its connection with the common sewer to its terminus in the house; ordinance No. 279 provides a method whereby certain property owners outside the borough may make connections with sewers within its limits, requiring that application in writing

be made to council for the necessary permission and that the connections be subject to all regulations governing borough residents. So far as the record discloses plaintiffs' predecessor complied with neither of these ordinances.

Plaintiffs' position, which was sustained by the court below, is that the right to make the connection in controversy was given by the agreement between the two boroughs as to the 18-inch sewer and no permit was necessary thereunder; the borough on the other hand contends that, while the Borough of Avalon may have had authority, under the agreement, to grant permission for certain connections, none was actually secured by plaintiffs and, since there was no compliance with the local regulatory ordinances, the connection made the plaintiffs trespassers to whom no duty of care was owed.

The contention of the borough must be sustained. It was incumbent on plaintiffs to establish, not only that they were damaged, but that the damage resulted from a violation of a duty owed them by the borough, and this has not been done. Injury alone does not establish liability. It is true the Borough of Avalon had the right to grant plaintiffs or their predecessor the right to connect with the 18-inch sewer. The difficulty is that the connection is not with the 18-inch, but with the 8-inch, sewer. Plaintiffs endeavor to avoid the effect of this situation by saying, first, that since the 18-inch sewer was a trunk pipe laid in a ravine, making direct connection impossible, it must necessarily have been intended that indirect connection, such as in this case, would be permissible; and, secondly, that the practical construction placed upon the agreement since it went into effect bears this out. This does not impress us. The agreement provides that connections with the sewer are to be determined by the engineers of both boroughs; this indicates that direct connections were contemplated and they have, in fact, been made.

An Avalon sewer, draining several houses in that borough, does connect directly with the 18-inch sewer. The evidence is conflicting whether it is possible for plaintiffs' own house to drain directly into the large sewer (one Avalon house is so connected), but whether this is feasible or not is immaterial; although plaintiffs stress the point, no blanket permission is given by the agreement.

This brings us to a further consideration which is also fatal to plaintiffs' claim. Even if it be granted that indirect connections through the 8-inch sewer were within the contemplation of the agreement, the latter does not say that any twenty-five owners may connect with the 18-inch sewer; it stipulates that the Borough of Avalon shall have the right to grant such permission. No such permission was given. It is no answer to point out that the Borough of Avalon provided no machinery to that end; nor is the limitation a negligible one. When Avalon Borough exercises the right to grant permission to connect, it can control its own sewer arrangements, as it actually has done in one instance. Under plaintiffs' contention the matter develops into a race between private individuals to enter the class of the privileged twenty-five, while the borough may be unable to carry through its own plans. The Borough of Avalon alone can determine what particular householders may take advantage of the privilege. The sustaining of plaintiffs' position would involve the Borough of Bellevue in uncertainty. It has granted permission for twenty-five connections to the large sewer; if individuals can make connections as they please and where they please, it is subjected to the possibility of irresponsible work, which may damage its drainage system, and has no way of knowing whether or not the definite limit has been exceeded. Moreover, it may well be that the extra connections to its 8-inch sewer would overtax its capacity and render it inadequate for the borough's own use. Although the

evidence does not cover this point, it is a factor to be considered in reaching the proper construction.

Over a course of years other Avalon property owners have connected with the 8-inch sewer and, plaintiffs claim, without objection. The fact that others have committed a wrong does not create a right in plaintiffs. Nor does a failure to object to a trespass, without more, confer rights upon the trespasser. Plaintiffs also point out that, when the 8-inch sewer fell into disrepair, Bellevue Borough sought to have Avalon Borough bear its share of the expense of repair and claim this shows a recognition of liability. But, if defendant had a duty to supply drainage for plaintiffs' house, the sole duty of upkeep would also fall upon it. The correspondence between the two boroughs on this subject could not establish liability; it either existed or did not exist long prior to the correspondence.

Plaintiffs cannot base their claim on ordinance No. 279, covering non-residents, as they have not acted thereunder; nor can the provisions of Bellevue's general regulatory sewer ordinance be deemed waived through continued acquiescence, as might be held in the case of a resident of that borough. A resident might have some claim on the borough for proper sewage disposal (see 43 C. J. 1134) but plaintiffs are strangers and intruders. Consequently, the case comes within the rule of Dasher v. Harrisburg, 20 Pa. Superior Ct. 79, that, where one connects with a sewer without authority and in violation of city ordinances, the city is not liable to him for injuries resulting from the negligent maintenance of the sewer. See also Ranlett v. Lowell, 126 Mass. 431. Even the fact that negligence may take an affirmative form does not entitle a trespasser to recover where the conduct of the one acting is not intentional or wilful.

Plaintiffs' cases are not in point. In Cairns v. Chester City, 34 Pa. Superior Ct. 51, it was admitted

plaintiff had authority to connect with the sewer; he had paid his fee and received a license. The sole question there was plaintiff's contributory negligence in constructing his connection, as there was no regulatory ordinance on the subject. The other citations apply to the situation which arises when a municipality permits a sewer connection in consideration of some benefit derived by it from the householder; they hold that the municipality cannot then retain the consideration and disavow liability because of some informalities in observing the ordinances involved. Such is not the case here. Under the agreement the consideration ran to the Borough of Avalon, not to the plaintiffs, and the borough alone could take advantage of it.

Defendant's point for binding instructions should have been affirmed; the third assignment, based upon its refusal, is sustained.

The judgment is reversed and here entered for defendant.